IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH NEWKIRK, ) | |
|     Plaintiff, ) | Civil Action No. 7:23cv00394 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| HAROLD CLARKE, Director, ) | By:  Robert S. Ballou |
| Department of Corrections, et al., ) | United States District Judge |
|     Defendants. ) | |

Plaintiff Kenneth Newkirk, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against multiple defendants, alleging approximately 50 different claims against different combinations of the defendants, ranging from a few potentially viable due process claims to a laundry list of complaints about prison rules with which he disagrees. He also alleges that he is "under imminent danger." Newkirk did not pay the applicable filing fee, and court records indicate that he has had more than three prior actions dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Under the three strikes provision of the Prison Litigation Reform Act, Newkirk may not proceed with a civil rights action unless he either prepays the entire filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Further, even if the filing fee had been paid, his complaint improperly misjoins claims and parties under Rules 18 and 20 of the FEDERAL RULES OF CIVIL PROCEDURE.[2] For these reasons, I will dismiss the complaint without prejudice.

---

[1] *See Newkirk v. Shaw, et al.*, No. 3:14CV171-HEH, 2014 WL 6712888, at *6 (E.D. Va. Nov. 26, 2014); *Newkirk v. Shaw*, No. 3:14CV426-HEH, 2014 SL 4161991, at *3 (E.D. Va. Aug. 19, 2014); *Newkirk v. Cir. Ct. of the City of Hampton*, No. 3:14CV372-HEH, 2014 WL 4072212, at *3 (E.D. Va. Aug. 14, 2014); *Newkirk v. Lerner*, No. 3:13CV364-HEH, 2014 WL 587174, at *5 (E.D. Va. Feb. 14, 2014); *Newkirk v. Chappell*, No. 3:13CV73-HEH, 2013 WL 5467232, at *3 (E.D. Va. Sept. 30, 2013).

[2] Rule 18(a) only allows a plaintiff to join as many claims as he has against a single opposing party.  FED. R. CIV. P. 18(a).  Rule 20 allows the joinder of several parties only if the claims arose out of the same transaction or occurrence *and* contain a question of fact or law common to all defendants.  FED. R. CIV. P. 20.

In his 51-page complaint, Newkirk starts with the conclusory statement that he is "under imminent danger." Cmplt at 1, ECF No. 1. Immediately after that statement, he alleges that he was attacked by two ex-cellmates in 2022 and 2021, and that "lack of security puts all prisoners at risk." *Id.* He also claims that Sgt. Taylor and Sgt. Brannum (who is not named as a defendant) threatened to kill him if he "didn't stop writing upstate." *Id.* On page 13, he alleges that Officer Thompson tried "to get a prisoner next door" to him to harm Newkirk, but provides no information on when this happened, who the prisoner was, or what kind of harm. On page 47, he alleges that he was placed in the same cell with a prisoner serving extra time for beating up another prisoner at the Henrico jail. He does not allege that this cellmate ever injured or threatened him, only that being placed in the same cell with him created an unreasonable risk of harm and that "1000s of cellmates fight and kill each other every year." *Id.* at 47. Elsewhere in the complaint, he makes statements that he is in danger because law enforcement agencies refuse to investigate his criminal complaints against prison officials (*id.* at 3), that as long as he is in custody, he will always be under imminent danger of receiving physical injury from staff and other inmates (*id.* at 3), and that the deliberate indifference of staff and violation of due process rights create an imminent danger of serious injury (*id.* at 25).

The "imminent danger" exception to § 1915(g)'s three-strikes rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and a threat "is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The inquiry "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The imminent danger of serious physical injury must exist at the time the complaint is filed. *Id.* "Vague, speculative, or conclusory allegations

2

are insufficient to invoke" the imminent danger exception. *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006). The inmate must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin*, 319 F.3d at 1050.

      Newkirk's allegations that he was attacked by two ex-cellmates in 2021 and 2022 do not allege imminent harm. These events occurred in the past. "[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). The allegation that Officer Thompson tried to get another prisoner to harm him is an unsupported, vague, self-serving, conclusory statement. It is not "grounded in specific facts which indicate that serious physical injury is imminent," and thus is not sufficient to invoke the imminent harm exception. *Ball v. Allen*, 2007 WL 484547 at *1 (S.D. Ala. 2007). The allegation that Sgt. Taylor and Sgt. Brannum threatened to kill him is equally unsupported and lacking specific contextual facts. *See Riches v. Dierks*, 2008 WL 217104 at *2–*7 (D. S.C. 2008) (holding that plaintiff failed to establish imminent danger by alleging "Defendant . . . plans to hurt me"; "Ferrara is going to do me bodily harm"; "Defendant wants to inflict bodily harm on me"; and "Defendants have threatened all of the Plaintiffs with bodily harm", along with 54 other claims).

      As with the allegation of attacks in the past, the allegation that his previous placement with an inmate who was serving time for beating another inmate in the Henrico Jail also occurred in the past and is not evidence of an imminent threat. Newkirk's more general allegation that he will be in danger as long as he is in custody and that "thousands of cellmates fight and kill each other every year" is not sufficiently specific to show an objectively intolerable risk of harm that

is time sensitive.  Imminent danger requires immediate danger.  Imminent is defined as "likely to occur at any moment" (Dictionary.com) or "happening soon" (MerriamWebster.com).  While state prisons have a higher homicide rate than the general population,[3] the risk of getting killed is not "imminent" just because one is in custody.  Newkirk's allegations do not qualify as imminent danger.

Newkirk's remaining claims, primarily complaints about disciplinary hearings, notice, transfer and housing decisions, unfair grievance decisions, medical and mental health treatment, sanitation issues, and general safety concerns, have nothing to do with imminent danger of serious physical harm.  Rather, his multiple misjoined claims demonstrate that he "is a seasoned vexatious litigant" who is trying to manipulate 28 U.S.C. § 1915(g) "to serve his ends," namely avoiding prepayment of filing fees.  *Ball*, 2007 WL 484547 at *3.

Failure to pay the filing fee at the time the suit was initiated requires dismissal.  "[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g)."  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).  If a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally "must pay up-front all filing fees for his subsequent suits."  *Blakely v. Wards*, 738 F.3d 607, 619 (4th Cir. 2013).  That is the "penalty for crying 'wolf.'"  *Lewis*, 279 F.3d at 531.

"Congress enacted the Prison Litigation Reform Act with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file

---

[3] *See* Prison Policy Initiative, *New Data: State Prisons are Increasingly Deadly Places* (June 8, 2021), http://www.prisonpolicy.org/blog/2021/06/08/prison_mortality (reporting that homicide rate in state prison is 2.5 times greater than in overall United States population, when adjusted for age, gender, and race).

4

civil claims." *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).  The rules against joining separate claims against different parties promotes the purposes of the Act by preventing prisoners from avoiding the fee obligation and the three-strikes provision.  *Green v. Denning*, 2009 WL 484457 at *2 (D. Kan. Feb. 26, 2009).

      Because Newkirk has misjoined multiple claims and has not prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice under 28 U.S.C. § 1915(g).  His pending motions for injunctive relief, reconsideration of prior orders, oral argument, and any other motions will be rendered moot by dismissal of this complaint.  An appropriate order will be entered.

Enter:  December 18, 2023

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge